I concur in the decision stated in the lead opinion. However, I wish to emphasize that it is still the law in Ohio that the trial judge is vested with broad discretion in determining the appropriate sentence. That discretion is limited only by the legislative constraints as to the minimum and maximum periods for the given offense and by the statutory factors that are to be considered in reaching a sentence within those constraints.
In the case at bar, I believe that the eight-year sentence imposed by the trial court was proper given the facts as presented in the record. Nonetheless, it is clear from the sentencing hearing that the trial judge considered Stone's failure to appear in imposing that sentence. The trial court explicitly stated, "And, in addition to that, I'm considering the punishment to this man for not appearing." Thus, I wish to clarify that the trial court's consideration of that factor is not merely to be inferred from the prosecutor's request that the court consider it, as suggested in the lead opinion. Rather, the court's own language reveals that the impermissible factor was actually considered. Accordingly, I agree that the sentence must be vacated and the cause remanded.
To the Clerk:
Enter upon the Journal of the Court on February 26, 1999 per order of the Court _______________________________.
Presiding Judge